UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-5331(DSD/BRT)

Abdihakim Mohamed

    Petitioner,

v.        **ORDER**

Jefferson Beauregard Sessions III,
Attorney General; et al.

    Respondents.

---

    Kimberly K. Hunter, Esq., John R. Bruning, Esq. and Kim Hunter Law, PLLC, 656 Selby Avenue, Suite 100, St. Paul, MN 55104, counsel for petitioner.

    Ann M. Bildtsen, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for respondents.

This matter is before the court upon the motion for a temporary restraining order by petitioner Abdihakim Mohamed. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

Mohamed is a citizen of Somalia who has resided in the United States for nearly twenty years. Pet. ¶ 1. He applied for asylum in October of 1999, but he was ordered removed in absentia on February 20, 2001. Id. ¶ 28. The Board of Immigration Appeals (BIA) denied his appeal. Id. Immigration and Customs Enforcement (ICE) did not immediately deport Mohamed to Somlia, but rather

placed him on an order of supervision where he was expected to check-in at regular intervals.  Id. ¶ 29.

Recently, at a regular check-in, ICE detained Mohamed in order to execute the removal order.[1]  Id.  He was subsequently transferred to a detention facility and is expected to be deported by December 7, 2017.[2]  Id. ¶ 5.  On November 22, Mohamed filed motions with the BIA to reopen based on changed country conditions in Somalia and to stay removal.  Id.; see Pet'r Ex. J.  To date, the BIA has not ruled on either motion.  On December 1, Mohamed filed a petition for habeas corpus seeking a stay of his removal and release from detention, claiming that (1) his removal subjects him to risk of persecution and torture by the terrorist group Al-Shabaab, (2) his removal before the BIA rules on his pending motions constitutes a violation of due process, and (3) his detention is unlawful.  On December 4, 2017, Mohamed filed this motion for a temporary restraining order seeking a stay of his removal.

---

[1] The exact date on which ICE detained Mohamed is unclear.

[2] At the hearing, the government's counsel stated that Mohamed would be deported no earlier than December 7.  According to the petition for habeas corpus, it was believed that he would be deported by December 6.  See id. ¶ 5.

**DISCUSSION**

**I.   Standard of Review**

A TRO is an extraordinary equitable remedy, and the movant bears the burden of establishing its propriety. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). The purpose of a TRO is to "preserve the status quo until the merits [of the case] are determined." Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). In determining whether it should issue a TRO, the court considers: (1) the threat of irreparable harm to the movant in the absence of relief, (2) the balance between the harm to the movant in the absence of relief and the harm that the relief may cause the non-moving party, (3) the likelihood of the movant's ultimate success on the merits, and (4) the public interest. Id. at 114. But if a court determines it lacks jurisdiction over the matter, it need not analyze the Dataphase factors. Buezo v. Banieke, No. 08-206, 2008 WL 312808, at *2 (D. Minn. Feb. 1, 2008).

**II.  Jurisdiction**

The court lacks jurisdiction over any case that challenges the decision of the Attorney General to execute a removal order.

> [N]otwithstanding any other provision of law ... no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or executive removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). "A claim that is connected directly and

3

immediately to a decision to execute a removal order arises from that decision." Silva v. United States, 866 F.3d 938, 940 (8th Cir. 2017) (internal quotation marks and citation omitted). Here, Mohamed asks the court to stay his removal, a claim that is directly related to the Attorney General's decision to execute a removal order. As a result, the court lacks jurisdiction over his claim.[3]

Although the Eighth Circuit in Silva recognized that Jama v. Immigration and Naturalization Service, 329 F.3d 630 (8th Cir. 2003) carved out an exception to § 1252(g) for habeas claims that raise a pure question of law, the court does not find that the exception applies here. Silva, 866 F.3d at 941. Unlike the petitioner in Jama, Mohamed does not challenge the Attorney General's construction of a statute, rather his claims are based on the fact-intensive inquiry into whether conditions in Somalia have changed such that his removal should be prevented. See Jama, 329 F.3d at 632-33.

Mohamed cites to Hamana v. Adducci, 258 F. Supp. 3d 828 (E.D. Mich. 2017) and Devitri v. Cronen, No. 17-11842-PBS, 2017 WL 5707528 (D. Mass. Nov. 27, 2017) where the district courts, finding that they had jurisdiction, stayed the execution of a removal

---

[3] The court notes its agreement with the reasoning of Judge Michael J. Davis who, in a nearly identical case, denied a temporary restraining order based on a lack of jurisdiction. See Adan v. Sessions, No. 17-5328 (MJD/BRT) (D. Minn. Dec. 4, 2017).

4

order. The court finds that those cases are distinguishable. First, the petitioners in those cases sought injunctive relief so that they could file a motion to reopen with the BIA, something that Mohamed has already done. Hamana, 258 F. Supp. 3d at 830; Devitri, 2017 WL 5707528, at *1. Second, the courts in Hamana and Devitri concluded that the immigration procedures under the REAL ID Act were inadequate and ineffective under the extraordinary circumstances presented. See Hamana, 258 F. Supp. 3d at 840-41 (discussing that the government's execution of removal affected 1,444 persons consequently overwhelming the immigration system and that the aliens had difficulty obtaining and communicating with counsel); Devitri, 2017 WL 5707528, at *7 (discussing the concern that the BIA's emergency procedures may not apply to petitioners because they were not in physical custody). Such extraordinary circumstances are not present here. Thus, the court is bound to apply Eighth Circuit precedent holding that the procedures provided for under the REAL ID Act afford an adequate and effective alternative to habeas relief. See Mohamed v. Gonzalez, 477 F.3d 522, 526 (8th Cir. 2007) ("Congress has created a remedy as broad in scope as a habeas petition. It is an adequate and effective substitute to test the legality of a person's detention."). As a result, the court must deny injunctive relief.

5

**CONCLUSION**

Accordingly, based on the above and as stated at the hearing, **IT IS HEARBY ORDERED** that petitioner's motion for a temporary restraining order [ECF No. 10] is denied.

Dated: December 5, 2017

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court